NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

MORGAN v. DARDEN.

*In the matter of the estate of* ELIZABETH W. COLE, *deceased.*

By the terms of a trust created by the will of testatrix, the trustees were directed, upon the respective deaths of two life beneficiaries, A. and B., to divide one half of the principal fund equally among the children

of the one so dying, each of such children to receive his or her share on becoming 21 years of age; it being further provided as follows: "Should the said A. decease before arriving at the age of 21 years, leaving no issue, then on her death I direct her share to be divided among the issue of B. . . . . . Should B. decease leaving no issue, then I direct that her share be divided among the surviving issue of A." B. having died leaving C., her only child, her surviving, and A. having died *at the age of* 37 *years,* leaving no issue, C. received one half of the fund, as the child of B., and claimed the other half under the clause of substitution.—

*Held,* that the half primarily given to the children of A. was diverted to B.'s children only upon the happening of three contingencies, one of which—the death of A. *during minority*—having become forever impossible, the gift over was ineffective, and the amount thereof fell into the residue.

UPON the judicial settlement of the account of Alexander P. Irvin, as executor of, and trustee under, the will of decedent, a contest arose between Estelle B. Darden, and Edith Morgan and others, infant residuary legatees, over the disposition of a legacy. The facts appear in the opinion.

HOWARD R. BAYNE, *for Mrs. Darden:*

The intent of testatrix is to prevail over the particular words which she has used. That one of two possible constructions is to be preferred which avoids intestacy, or a .residuum not contemplated by the testatrix; and one which harmonizes with the general scheme of disposition, rather than another which is at variance therewith. The court should lay aside the strict criticism of inexorable logic, and adopt that opinion which a man of ordinary intelligence would adopt in reading the will. The will is perhaps peculiar in the design of testatrix that the objects of her bounty, who were most nearly related in blood, should have the usufruct only, while their children

should enjoy the fee. In the second paragraph, her sister was a life tenant, her niece and great niece were succeeding life tenants, with remainder in fee to the children of this niece and great niece, respectively, with cross limitations. . . . . .

The will contains a perfect system of cross limitations, which is sustained throughout, except in the second paragraph, where the language employed is susceptible of two constructions; one of which mars, while the other preserves the symmetry and uniqueness of this method of disposition which testatrix has clearly adopted. . . . . .

The first part of the clause, "Should the said Medora Yerby decease," etc., contains three conditions : (1) death, (2) under 21 years, (3) leaving no issue. The second part—"then, on her death"—contains only two : (1) "then," whatever that may mean, (2) "on her death." "Then, on her death," was substituted for "decease before arriving at the age of 21 years ; " being broader and more unlimited than the original for which it stands. . . . . .

The clause, "*then, on her death*," if any effect is to be given to it, at all, is a substitution of the instance or condition, on which the limitation over to Mrs. Young's issue occurs. This substitution is to be adopted because it is *the last*, because it avoids a residuum which the testatrix did not contemplate as possible, because it means equality between persons equally deserving in the testator's mind, and because it preserves the unique and symmetrical character of the will. Cites 2 Jarm. on Wills, 487 ; Shepperd v. Lessingham (*Amb.*, 122). . . . . . Perhaps the most

salient confirmation of this construction is that the testatrix did not provide for the failure of any part of the $3,000 legacy, disposed of in the second paragraph, and for its passing into the residuary estate, as she did carefully, in every other case.

WM. B. CROSBY, *special guardian for residuary legatees*:

No intention that the legacy shall go over to Mrs. Darden can be presumed (1 Redf. on Wills, 430, 432). Even if there is ground for believing that there was an accidental omission to complete the provision for Mrs. Darden, the court cannot supply the omission (1 id., 440, 441; Madison v. Chapman, (5 *Jur.*, *N. S.*, 277; Boodle v. Scarisbrick, 1 *H. of L. Cas.*, 188). The legacy must go to the residue.

LORD, DAY & LORD, *for executor*.

THE SURROGATE.—The will of this decedent contains the provision following: "I give to my executors the sum of $3,000 . . . . . in trust to invest, . . . . . and to pay over the net income to the use of Louise E. White during her natural life, and from and after her death, and also in case said Louise E. White shall decease before me, I direct said income to be paid, one half to her daughter, Martha B. Young, and the other half to the use of Medora Yerby, granddaughter of Louise E. White, during natural life. Upon the death of said Martha B. Young, I direct said executors to divide one half of said $3,000, among the children of said Martha B. Young, and upon the death of said Medora Yerby I direct my executors to pay over the other half of

said $3,000 to and among the children of said Medora Yerby, and I direct that the children of Martha B. Young and of Medora Yerby shall each receive his or her share when they become 21 years of age. *Should the said Medora Yerby decease before arriving at the age of* 21 *years leaving no issue, then on her death* I direct her share to be divided among the issue of Martha B. Young, said issue taking *per stirpes* and not *per capita.* Should Martha B. Young decease leaving no issue, then I direct that her share be divided among the surviving issue of Medora Yerby *per stirpes* and not *per capita.*"

Louise E. White and Martha B. Young having died, one half of the above named legacy has been paid to Mrs. Estelle B. Darden, the only child of Martha B. Young. In July last, Medora Yerby died at the age of 37 years. Mrs. Darden now claims the remaining half of the legacy. It is claimed, in opposition, by the special guardian of the infants interested in the residuary estate, that such remaining half passed into the residuum by reason of the decease of Medora Yerby without issue *after* she had arrived at the age of 21 years.

I have examined with great interest the ingenious argument of counsel for Mrs. Darden, but it has not persuaded me that I am at liberty to substitute other words, in place of what seems to me to be the very plain and unequivocable language of this will. The gift over is to take effect only upon the happening of these three events : 1*st*, the death of Medora Yerby ; 2*d*, her dying without issue ; and, 3*d*, *her dying during her minority.*

To saddle the gift over with these conditions may or may not have been a judicious provision for the testatrix to make, but it is a very intelligible one, and is couched in words which are free from ambiguity. As one of the three contingencies has not happened, and as its happening has now become impossible, I hold that the gift over has become ineffective, and that the $1,500 must, therefore, go to the residuary legatees.